UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TERRY KIMBALL,**

    **Plaintiff,**

v.                                    Case No. 8:08-CV-401-T-23EAJ

**MARK YOST and
KRISTIE BORGO,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Before the court is Plaintiff's **Affidavit of Indigence** (Dkt. 5), filed March 11, 2008, which the court construes as a renewed motion for leave to proceed in forma pauperis. This matter has been referred to the undersigned by the district judge for consideration (Dkt. 2).

**A. Factual Background**

Plaintiff filed a complaint pro se on February 28, 2008, alleging civil rights violations under 42 U.S.C. § 1983 against two City of Tampa police officers (Dkt. 1 at 1). Plaintiff claims that subsequent to his arrest and handcuffing on May 19, 2006, Defendant Yost physically abused and tortured him by slamming his head repeatedly into the rear quarter-panel of the patrol car (Id. at 5). According to Plaintiff, Yost then hog-tied Plaintiff, jerked him violently by the handcuffs, and attempted to throw him into the rear of the patrol car (Id.). Plaintiff alleges that Yost purposely missed the open door and repeatedly slammed Plaintiff's head into the door jam before finally getting Plaintiff into the back seat (Id.). Defendant Borgo is claimed to have been fifty feet away during these events, and in full view and hearing, but took no action to intervene or later report the incident to her superiors (Id.). Plaintiff is bringing this suit under Section 1983 seeking restitution,

actual damages, and punitive damages for his injuries (Id. at 4).

Plaintiff filed an Affidavit of Indigency (Dkt. 2) as a request to proceed with these claims in forma pauperis. On March 5, 2008, this court denied Plaintiff's first motion to proceed in forma pauperis without prejudice because the affidavit was incomplete (Dkt. 3). Plaintiff then filed a properly notarized Affidavit of Indigency (Dkt. 5), which this court construes as a renewed motion for leave to proceed in forma pauperis.

**B. Legal Standards**

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citation omitted). A trial court has wide discretion in determining whether to grant or deny a motion filed pursuant to § 1915. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004) (citations omitted). When presented with a motion to proceed in forma pauperis, the court should first consider only "whether the statements in the affidavit satisfy the requirements of poverty," and the court should accept the statements in the affidavit as true absent a serious misrepresentation. Id. at 1307 (citations omitted). The affidavit will be held sufficient if "it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to provide necessities for himself and his dependents." Id.

Once the court has determined the economic status of the litigant, § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez, 364

F.3d at 1307 (citation omitted). A frivolous claim is one that lacks an arguable basis in either law or in fact. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001) (citations omitted). If factual allegations are "clearly baseless" or the legal theories presented are "indisputably meritless," a claim is frivolous.[1]  Id.

Alternatively, Fed. R. Civ. P. 12(b)(6) standards govern the dismissal of complaints under § 1915(e)(2)(B)(ii) for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Under this standard, the court should dismiss a complaint only if it appears beyond doubt that the litigant can prove no set of facts that would entitle her to relief on her claims. See id.  In addition to construing the complaint in the light most favorable to the plaintiff, the court should construe the complaint more liberally in a pro se action. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted).

**C. Discussion**

The first issue for determination is whether Plaintiff satisfies the eligibility requirements to proceed in forma pauperis. If Plaintiff is found to have a financial inability to pay, then it becomes necessary to evaluate whether Plaintiff's complaint should be dismissed for any of the reasons set forth in § 1915(e)(2)(B).

Based on Plaintiff's financial affidavit, the court cannot find that Plaintiff is indigent for purposes of § 1915.  Plaintiff asserts that he is employed and earning $1600 per month as a housekeeping aide.  He reported an additional $700 in income from pensions, annuities, or life

---

[1] In Martinez, the Eleventh Circuit noted that the district court should provide a litigant with an opportunity to amend his or her complaint before dismissing the action as frivolous. 364 F.3d at 1308 n.7.

insurance payments.[2] Plaintiff states that he pays $500 per month in rent and between $500 and $800 per month in child support. The only other obligations listed are a credit card, "personal loans," and a cell phone, but no payment amounts are provided.

Plaintiff's affidavit reflects an income comfortably in excess of his monthly obligations. It cannot be said that Plaintiff is so impoverished as to be unable to provide for his own necessities, even if he were required to pay the $350 filing fee. Thus, Plaintiff has not shown the requisite financial inability to pay. Accordingly, it is not necessary to evaluate whether Plaintiff's complaint is frivolous or fails to state a claim.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)     Plaintiff's motion for leave to proceed in forma pauperis (Dkt. 5) be **DENIED**; and

(2)     Plaintiff be given thirty (30) days from the date of this order to submit the requisite $350.00 filing fee to the Clerk and that Plaintiff's failure to do so result in the dismissal of Plaintiff's complaint without prejudice. See Local Rule 4.07, M.D Fla.

**DONE AND ORDERED** at Tampa, Florida this 19th day of March, 2008.

```
                              ELIZABETH A JENKINS
                              United States Magistrate Judge
```

---

[2]Plaintiff's previous affidavit stated that he also received $1500 in self employment income, which was omitted from the current affidavit (Dkt. 2 at 3). The first affidavit also reported a higher income from the same job: $600 per week (Id. at 2.).

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).